The decision to grant or deny a motion for new trial pursuant to Crim.R. 33(B) is within the discretion of the trial court and will not be disturbed on appeal absent an abuse of discretion. State v.Scheibel (1990), 55 Ohio St.3d 71, paragraph one of the syllabus. In my opinion, the trial court abused its discretion by not granting appellant's motion for new trial.
The prosecutor in this case previously defended appellant in juvenile court against a charge of gross sexual imposition, and appellant was adjudicated delinquent. The prosecutor also represented appellant's father in a divorce action against appellant's mother, Irene Alexander, who was a key witness for appellant's defense.
Attached to appellant's motion for new trial are affidavits from attorney Nicholas Ring and attorney Kenneth M. Miller. Both attorneys attest to the fact that during their representation of appellant in this case, the prosecutor did not disclose the fact that he had previously represented appellant or appellant's father. The memorandum in opposition to the motion for new trial is accompanied by an affidavit from the prosecutor, which states that his prior representation of appellant was disclosed to Ring during pretrial discussions in the presence of the trial court judge when Ring was acting as appellant's attorney. These conflicting affidavits only exacerbate the issue before this court. The trial court judge apparently did not recall the prosecutor's disclosure of his prior representation of appellant, a further exacerbation of the issue.
Canon 9 of the Code of Professional Responsibility states that a lawyer should avoid even the appearance of professional impropriety. The facts and circumstances of this case indisputably warrant the disqualification of the prosecutor. The prosecutor previously defended appellant against charges of gross sexual imposition in juvenile court. Now, the prosecutor has successfully prosecuted a case against appellant on charges of gross sexual imposition and rape. This is more than the mere appearance of impropriety — this is impropriety. The fact that appellant chose not to testify in this case is of no consequence.
In Kala v. Aluminum Smelting (1998), 81 Ohio St.3d 1, 5, the Supreme Court of Ohio stated that "[w]hen an attorney leaves his or her former employment and becomes employed by a firm representing an opposing party, a presumption arises that that attorney takes with him or her any confidences gained in the former relationship and shares those confidences with the new firm." This presumption may be rebutted by evidence showing (1) no substantial relationship between the subject of the prior matter and the matter at issue, (2) the side-switching attorney had no personal contact with or knowledge of the prior matter, or (3) the new firm erected adequate and timely screens that prevented the flow of information from the side-switching attorney to other members of the law firm. Id. at 8-10. Although this test was established in the context of a civil case, it has been applied to criminal cases as well. See State v. Wiles (1998),126 Ohio App.3d 71; State v. Britton (June 23, 1999), Marion App. No. 9-98-39, unreported; State v. Edighoffer (Dec. 16, 1998), Mahoning App. Nos. 96 CA 161, 96 CA 162, unreported. Under theKala test, the prosecutor's prosecution of this case was improper.
Although appellant did not testify, it appears that the prosecutor used his knowledge from his prior representation of a divorce case between appellant's mother and father in cross-examination of Alexander. Alexander testified in appellant's defense. Alexander testified that appellant was developmentally handicapped and severely behaviorally handicapped. She explained that appellant was "a twenty three year old child that still sucks his thumb," and that she was planning on buying him a Rug Rat comforter for his birthday. Alexander's testimony portrayed appellant as an innocent, in contrast to her other son, Frank, who was the father of the victims. Alexander testified that Frank had taught the children to touch a dog in an inappropriate sexual manner.
Alexander's testimony about appellant's good nature and his developmental and behavioral handicaps was vital to appellant's defense, especially where the prosecution offered a confession from appellant into the evidence. Although in overruling appellant's motion to suppress the confession the trial court found that the confession was knowingly and voluntarily given, what weight, if any, to be given to this confession was a matter for the jury to decide. Alexander's testimony was intended to show that there was reason to doubt the reliability of appellant's confession.
On cross-examination, the prosecutor asked Alexander detailed questions about who assumed custody of the children after her divorce to appellant's father. The prosecutor suggested that Alexander did not assume custody of appellant because she "couldn't' handle him." When Alexander testified that appellant's father did not pay child support for the children and had a $28,000 arrearage, the prosecutor suggested that appellant's father paid her "a substantial sum of money every month" for the children's support. The prosecutor appeared to rely upon his intimate knowledge of the divorce proceedings in forming his cross-examination. The cross-examination called Alexander's credibility in question and thereby undermined appellant's defense.
It was prosecutorial misconduct for this prosecutor to undertake this case, and it was an abuse of the trial court's discretion to deny appellant's motion for new trial once this misconduct was discovered. For these reasons, I respectfully dissent.
 _____________________ WALSH, J.